UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN L. ROBBINS,

       Plaintiff,

       v.                                                    Case No. 3:23-CV-870-CCB-AZ

RON NEAL, et al.,

       Defendants.

**OPINION AND ORDER**

Steven L. Robbins, a prisoner without a lawyer, filed a complaint. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Robbins is housed at a minimum security unit at the Indiana State Prison ("ISP"). ECF 4. On August 13, 2021, he was told to report to his case manager's office in ISP's administration building to prepare his progress report for court. *Id.* at 6. In making his way to his case manager's office, Robbins entered the administration building, walked through the recreation room, and then opened the door in the recreation room that lead into a short hallway. *Id.* As he walked out of the recreation room into the short hallway, he slipped and fell on wet floor where a wet black mat had been placed in the short hallway entrance. *Id.* The administration building's main hallway and short hallway had been recently mopped, but there were no yellow wet floor signs outside the door of the

recreation room or in the short hallway. *Id.* at 5-6. The fall resulted in Robbins injuring his right knee. *Id.* at 6.

 While unclear from his complaint, Robbins may be asserting Eighth Amendment claims of deliberate indifference to a hazardous condition against Warden Ron Neal, Correctional Officer Dylan Cabanaw, and Correctional Officer Thomas Frazier. Inmates are entitled to conditions of confinement that meet "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted). Put another way, an inmate can state a viable claim for deliberate indifference to a hazardous condition of confinement if he alleges the defendant "deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citation omitted).

 Here, the hazard about which Robbins complains—namely, that the floor in the short hallway in the administration building was wet after being mopped—is "not sufficiently serious to invoke the Eighth Amendment" because "[f]ederal courts consistently have adopted the view that

2

slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Pyles*, 771 F.3d at 410 (collecting cases and affirming dismissal at screening of inmate's claim that the warden was deliberately indifferent to the condition of the wet stairs despite being previously advised of the alleged danger); *see also Bell v. Ward*, 88 Fed. Appx. 125, 127 (7th Cir. 2004) (affirming dismissal of inmates claims at screening because "[a]lthough wet floors do present a possibility that inmates might slip, [the inmate's] allegations do not suggest a *substantial* risk of serious harm that reflects the deliberate indifference required to impose liability under the Eighth Amendment.") (emphasis in original).

At most, the incident described by Robbins is suggestive of negligence, but "negligence alone is not enough to support a claim of deliberate indifference." *Bell*, 88 Fed. Appx. at 127 (citing *Daniels v. Williams*, 474 U.S. 327, 332 (1986); *Farmer*, 511 U.S. at 837); *see also Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020) ("To be sure, negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to support an Eighth Amendment claim.). Because Robbins has not alleged anything more than a slippery floor, his allegations do not state Eighth Amendment claims against Warden Neal, Correctional Officer Cabanaw, or Correctional Officer Frazier.

Robbins next asserts that Warden Neal, Correctional Officer Cabanaw, and Correctional Officer Frazier violated Indiana Department of Correction ("IDOC") Policy and Administrative Procedure 00-02-201, titled "Compliance with Federal and State Fire, Health and Safety Regulations" as well as prison policy mandating that wet floor signs be used to warn individuals of slippery and dangerous conditions. ECF 4 at 2, 4. Section 1983 allows a plaintiff to sue for a violation of his federal rights, not of IDOC policies. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (claim under § 1983 requires that plaintiff was deprived of a federal right by a person acting under color of state law). A violation of IDOC policy alone cannot form the basis for a constitutional

claim. *See Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws"). Therefore, even if these three defendants had violated prison policy, this cannot form the basis for a constitutional claim. He may not proceed against them.

Robbins has also sued Warden Neal, Correctional Officer Cabanaw, and Correctional Officer Frazier alleging they were vicariously liable for the August 13, 2021, incident. ECF 4 at 2. There is no general respondeat superior liability under 42 U.S.C. § 1983, and these defendants cannot be held liable for damages simply because they oversee operations at the prison or within the IDOC. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). However, they may be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir 2019). Moreover, "[i]ndividual defendants . . . who are responsible for setting prison policy, can be held liable for a constitutional violation if they are aware of a systemic lapse in enforcement of a policy critical to ensuring inmate safety yet fail to enforce that policy." *Sinn v. Lemmon*, 911 F.3d 412, 423 (7th Cir. 2018). Knowledge may reasonably be inferred when a condition is so pervasive that high-ranking officials were "bound to have noticed" it. *Smith v. Sangamon Cty. Sherriff's Dep't*, 715 F.3d 188, 192 (7th Cir. 2013). Robbins has not alleged facts from which it can be plausibly inferred that Warden Neal, Correctional Officer Cabanaw, and Correctional Officer Frazier facilitated, approved, condoned, or turned a blind eye toward any conceivable unconstitutional act that caused Robbins's knee injury. Thus, he may not proceed against these three defendants.[1]

_____

[1] To the extent Robbins has sued Warden Neal in his official capacity, a state prison official can be named in an official capacity on a claim for prospective injunctive relief, but only if there is an ongoing

Robbins further contends that he received inadequate medical treatment after he fell and injured his right knee. ECF 4 at 6-7. Immediately following his injury, Dr. Nancy Marthakis and Nurse Ashley Burnham monitored his condition and medical staff took an x-ray of his knee. *Id.* at 7. Nurse Burnham prescribed Tylenol for Robbins's pain, but on August 17, 2021, after he complained of severe knee pain, he asserts Dr. Marthakis and Nurse Burnham were "aloof" and would not see him to treat his painful condition. *Id.* On August 26, Robbins once again complained of right knee pain. *Id.* However, he was told Tylenol was the only medication he would be prescribed for his pain. *Id.* On August 28, Robbins was given an ice bag to help alleviate the swelling in his right knee. *Id.* In sum, Robbins asserts Dr. Marthakis and Nurse Burnham prescribed a course of treatment that was ineffective given his severe pain and need for corrective surgery to repair torn ligaments and tissues in his right knee. *Id.* at 6-7.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Farnham*, 394 F.3d at 478. Prisoners are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (citation omitted), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also*

---

constitutional violation. *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997); *see also Rasho v. Jeffrys*, 22 F.4th 703, 712 (7th Cir. 2022) (outlining the limited forms of injunctive relief available in the prison setting). Because there is no ongoing constitutional violation, he cannot proceed on a claim for injunctive relief against Warden Neal.

*Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("[T]he Eighth Amendment does not require that prisoners receive unqualified access to health care." (citation and quotation marks omitted)). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267.

Because there is no one right way to practice medicine in the prison setting, courts must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted). At the same time, a prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). Persisting with a course of treatment known to be ineffective can amount to deliberate indifference. *Id.* "Mere negligence will not suffice, and deliberate indifference is not coextensive with medical malpractice." *Jackson v. Esser*, 105 F.4th 948, 961 (7th Cir. 2024).

To the extent Robbins alleges that Dr. Marthakis and Nurse Burnham were deliberately indifferent to his medical care for his right knee injury, his allegations do not plausibly allege anything more than negligence. Nor has Robbins pled facts from which it can plausibly be inferred that either Dr. Marthakis or Nurse Burnham did not exercise their medical judgment when treating Robbins's knee injury. To the extent Robbins alleges he requires corrective surgery to repair his right knee, he does not explain why he believes he needs surgery or what medical tests or procedures were performed that indicate he should undergo surgery. As a result, the complaint does not state a claim for constitutionally inadequate medical care, and he may not proceed on these allegations.

As a final matter, Robbins has asserted state law claims of negligence against Warden Neal, Correctional Officer Cabanaw, and Correctional Officer Frazier and contends they violated his rights under the Indiana Constitution and provisions of the Indiana State Code.. ECF 4 at 2-4, 7. Under the Indiana Tort Claims Act, a tort claim against a political subdivision is barred unless notice

is filed with the governing body of the political subdivision and its risk management commission within 180 days of the loss. *VanValkenburg v. Warner*, 602 N.E.2d 1046, 1048 (Ind. Ct. App. 1992); Ind. Code § 34-13-3-8. The notice requirement applies not only to political subdivisions but also to employees of political subdivisions as well. *Id.* However, Robbins's complaint does not include any allegations that he complied with the notice requirements of the Indiana Tort Claims Act. He may not proceed on these claims.

This complaint does not state a claim for which relief can be granted. If Robbins believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, Robbins needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Steven L. Robbins until **September 30, 2024**, to file an amended complaint; and

(2) CAUTIONS Steven L. Robbins that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

September 3, 2024

/s/ Cristal C. Brisco
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

7